[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17359
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81794-WPD


NASEDRA K. LUMPKIN,

                                        Plaintiff - Appellant,

versus

ATTORNEY GENERAL,
STATE OF FLORIDA,
ASSISTANT STATE PROSECUTOR,
Julie Hogan,
ASSISTANT STATE PROSECUTOR FOR THE ATTORNEY GENERAL,
Nicholas B. Cox,
FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR PALM BEACH
COUNTY,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 28, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Nasedra Lumpkin, a Florida prisoner proceeding pro se, appeals the district court's dismissal -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- of his 42 U.S.C. § 1985 complaint for failure to state a claim. No reversible error has been shown; we affirm.

We review de novo the district court's dismissal for failure to state a claim pursuant to section 1915(e)(2)(B)(ii), applying the same standards that govern Fed. R. Civ. P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). We view the complaint in the light most favorable to the plaintiff, accepting the fact allegations in the complaint as true. Dimanche v. Brown, 783 F.3d 1204, 1214 (11th Cir. 2015). In addition, we construe liberally pro se pleadings. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

As an initial matter, we reject Lumpkin's contention that the district court erred in applying 28 U.S.C. § 1915 to his complaint. Lumpkin's complaint was a civil action filed by a prisoner against government officials, and Lumpkin was granted permission to proceed in forma pauperis in the district court; so,

2

Lumpkin's complaint was subject to the screening procedures of section 1915. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a).

In his complaint, Lumpkin named as defendants the State of Florida, Florida's Attorney General, two assistant state prosecutors, and a state court judge. Lumpkin alleged that defendants engaged in a conspiracy to violate his constitutional rights by filing an unlawful charging instrument and probable-cause affidavit in conjunction with Lumpkin's state-court criminal proceeding. Lumpkin also alleged that defendants violated his Sixth Amendment rights by "taint[ing]" the jury through "illegal testimony."

Lumpkin purports to assert a claim pursuant to 42 U.S.C. § 1985; he does not specify under what subsection he intends to bring his claim. Because Lumpkin's complaint contains no allegations about a conspiracy to prevent an officer from performing his duties, he states no claim for relief under section 1985(1). Lumpkin also states no claim for relief under the first portion of section 1985(2), which applies only to conspiracies alleged to have deterred testimony in federal court. See McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 n.2 (11th Cir. 2000) (en banc).

In addition, because Lumpkin has failed to allege the existence of a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," he has stated no claim for relief under section 1985(3). See

3

Childree v. UAP/GA AG Chem., 92 F.3d 1140, 1147 (11th Cir. 1996).  For the same reason, Lumpkin states no claim for relief under the second portion of section 1985(2), which also applies only if the conspirators act "with intent to deny to any citizen the equal protection of the laws," or to injure a person who seeks to enforce "equal protection of the laws."  Cf. Kush v. Rutledge, 103 S. Ct. 1483, 1487 (1983) (noting that both the second part of section 1985(2) and section 1985(3) contain "language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws."); Griffin v. Breckenridge, 91 S. Ct. 1790, 1798 (1971) (explaining -- in the context of section 1985(3) -- that the "language requiring intent to deprive of equal protection, or equal privileges or immunities, means that there must be some . . . invidiously discriminatory animus behind the conspirators' action.").  Lumpkin, thus, has failed to state a claim for relief under 42 U.S.C. § 1985.

Construing liberally Lumpkin's complaint as one attempting to assert a claim under 42 U.S.C. § 1983, Lumpkin can still state no claim for relief.  First, the State of Florida is no "person" for purposes of section 1983.  See Will v. Mich. Dep't of State Police, 109 S. Ct. 2304, 2312 (1989).  In addition, each of the named defendants is entitled to immunity.  Lumpkin has alleged no facts demonstrating that the state court judge "acted in the clear absence of all jurisdiction": the state court judge is thus entitled to absolute immunity from

4

damages arising from acts taken in his judicial capacity. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Likewise, the Florida Attorney General and the state prosecutors are entitled to prosecutorial immunity for conduct involved in initiating Lumpkin's prosecution and in presenting the State's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976).

Moreover, because Lumpkin seeks to challenge the constitutionality of his convictions -- and because a judgment in Lumpkin's favor "would necessarily imply the invalidity of his conviction or sentence" -- Lumpkin's section 1983 claim is barred by Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).

Because Lumpkin's complaint states no claim upon which relief could be granted -- and because amendment would be futile -- we affirm the district court's dismissal.

AFFIRMED.